{¶ 39} I respectfully disagree with the majority's disposition of Mikolaj's first assignment of error concerning the in-court identification of Mikolaj by the state's witness, Timothy Mayle. I believe that the identification was impermissibly suggestive and, therefore, unreliable.
 {¶ 40} I agree with the majority that in analyzing "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive * * *, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers (1972), 409 U.S. 188, 199,93 S.Ct. 375, 34 L.Ed.2d 401.
 {¶ 41} Concerning the opportunity of the witness to view the criminal at the time of the crime, while Mayle did acknowledge that he had a face-to-face conversation with Mikolaj, he stressed that it was for a brief or short period of time. (Tr. 7, 8.)
 {¶ 42} There likewise appeared to be some level of uncertainty demonstrated by Mayle at the confrontation. A photograph captured from surveillance video inside the store was shown to Mayle. The photograph depicted a person leaving the store with two cases of beer in tow. Mayle positively identified that as the person who stole the beer the day of the incident. However, when asked to identify Mikolaj in court as the perpetrator, he did not seem as sure when he replied, "I believe it is him." (Tr. 15.)
 {¶ 43} Even despite the foregoing, the aspect that concerns me the most about this in-court identification is the fact that Mayle was never shown a post-arrest, pre-trial lineup containing Mikolaj's photograph. The theft occurred on February 27, 2005, and Mikolaj was arrested approximately a month later on March 27, 2005. *Page 10 
Mikolaj was tried on August 15, 2005. That gave the state well over four months to conduct a photo lineup to remove that factor of suggestiveness from any in-court identification.
 {¶ 44} The United States Supreme Court has observed that a courtroom backdrop can be a very suggestive atmosphere for a witness's initial identification of a defendant. Moore v. Illinois (1977), 434 U.S. 220,229-230, 98 S.Ct. 458, 54 L.Ed.2d 424. It has also been recognized that an in-court identification is subject to the same scrutiny as a pretrial identification, and suppression is allowed if the judge determines that the identification is unreliable and unnecessarily suggestive.United States v. Hill (C.A.6, 1992), 967 F.2d 226, 232.
 {¶ 45} In my opinion, the in-court identification of Mikolaj by Mayle was unreliable and, more importantly, unnecessarily suggestive. Procedurally and substantively, this was a relatively uncomplicated case involving petty theft. Given that, I do not feel that it would have been unreasonable to expect the state to conduct a photo lineup in the over four months between Mikolaj's arrest and his trial. Ideally, that lineup should have been conducted closer to Mikolaj's arrest than to his trial to further enhance the reliability of the identification.
 {¶ 46} For these reasons, I would respectfully reverse Mikolaj's conviction. *Page 1